[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANT WALLINGFORD BOARD OF EDUCATION'S MOTION TO STRIKE (138)
In this action brought by the plaintiff Paul French arising out of the granting of a contract to his competitor by the Defendant Wallingford Board of Education for the purchase of computers and supplies, the Defendant Board seeks to strike the four counts directed against it.
The defendant Board challenges the legal sufficiency of the first count which alleges violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes 42-110a et seq. and the second count which alleges a conspiracy to violate CUTPA. It is clear that CUTPA has no application to the defendant Board and these counts should be stricken. The Supreme Court, "[a]fter a review of cases decided under the FTC Act over its seventy-five years history, and other standards and statements of the FTC, . . . [was] unable to discover any instance in which that act has been applied to any act or practice of a local public agency. . ." Connelly v. Housing Authority, 213 Conn. 354, 363-64 (1990). See also the recent case of Chernet v. Wilton, Super Ct., Stamford, (9/27/1990).
Although the third and fourth counts allege fraud and the plaintiff Board claims that the action must fail because it is shielded by sovereign immunity, these counts also allege violation of article first 1 of the Connecticut constitution because it is alleged the Board granted exclusive public emoluments or privileges. See Merly v. State, 211 Conn. 199 (1989). It is now clear that sovereign immunity will not bar suits against state agencies acting in excess of their statutory authority or in violation of constitutional rights. Savage v. Aronson, 214 Conn. 256,276 (1990).
In sum, the motion to strike is granted as to the first and second counts and is denied as to the third and fourth counts.
ROBERT I. BERDON, JUDGE CT Page 4389